UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY LE,<br><br>  Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LIMITED,<br><br>  Defendant. | Case No. 21-cv-03057-VC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 17 |

Le's motion for partial summary judgment is denied. As to the first issue—whether Sentinel could deduct income earned at Le's second business location—granting summary judgment before Sentinel has been able to conduct full discovery would be premature. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also* Fed. R. Civ. P. 56(d). In any event, Le's reading of the insurance contract appears to be unreasonable. The agreement permits Sentinel to reduce Le's loss "to the extent" that he could "resume . . . 'operations', in whole or in part, by using damaged or undamaged property . . . at the 'scheduled premises' *or elsewhere*." (Emphasis added.) Sentinel's decision to deduct *all* the income from the separate Mission Street premises may prove to be unreasonable. But at this early stage, it appears that the contract's plain terms contradict Le's view that Sentinel could not deduct *any* income earned at the separate location.

As to the second issue—whether Sentinel must pay at least 12 months of benefits—a definitive ruling before discovery would likewise prove premature. And here as well, Le's view of the contractual language appears to be unreasonable. The contract's focus on when the "property . . . should be repaired, rebuilt, or replaced with reasonable speed and similar quality" contemplates a theoretical timeframe. *See Ingenco Holdings, LLC v. Ace American Insurance*

*Co.*, 921 F.3d 803, 820 (9th Cir. 2019) (explaining that "the actual time of repair has some bearing" but noting that no authority states "that the applicable repair period should be measured by 'actual replacement time' even where the actual time to repair is unreasonable"); *see also Beautytuft, Inc. v. Factory Insurance Association*, 431 F.2d 1122, 1124 (6th Cir. 1970) (following the plain text of a contract that provided "a theoretical as opposed to an actual replacement time as the basic time standard for computation of business interruption loss"); *Hampton Foods, Inc. v. Aetna Casualty and Surety Co.*, 787 F.2d 349, 355 (8th Cir. 1986) (explaining that "the theoretical period of restoration does not contemplate delay caused by refusal to pay a disputed claim and instead contemplates the theoretical period of time required for reentry into business had the insurance company timely paid"). Discovery is needed to determine what amount of repair time was reasonable under the circumstances. It also affords Le the opportunity to surface evidence suggesting that Sentinel delayed payments.

**IT IS SO ORDERED.**

Dated: September 23, 2021

VINCE CHHABRIA
United States District Judge